## No. 9394.

### THE PEOPLE *v.* PEASE ET AL.

SCHOOL DISTRICT—*Organization within Different Counties.* Sec. 5911 of the Revised Statutes prescribes the rule for the organization of a school district from territory situated in different counties. An attempted organization of such a district under the other sections of the statute is without effect.

*Error to Adams District Court, Hon. H. S. Glass, Judge.*

Mr. W. L. BOATRIGHT, Mr. CLIFFORD W. MILLS, for plaintiffs in error.

Mr. EDWARD AFFOLTER, for defendants in error.

Mr. Justice Burks delivered the opinion of the court.

THIS is a case in which there was an attempted consolidation of School District No. 25, lying wholly in the County of Jefferson, with contiguous School District No.

43, lying wholly in the County of Boulder. The new district was numbered 67, and the defendants are assuming to act as directors thereof. The complaint alleges the illegality of the attempted consolidation, and prays that the elections in Nos. 25 and 43, held for that purpose, be held void, the attempted consolidation dissolved, and the acts of the defendants, as directors of the new district, declared illegal. A general demurrer was filed to this complaint, upon the hearing of which all questions were waived save the alleged illegality of the consolidation, predicated upon the fact that the two districts so consolidated lay wholly in different counties. The demurrer was sustained, the plaintiff elected to stand on the complaint, and the action was ordered dismissed; from which order the plaintiff prosecutes this writ.

Sections 6633 to 6642, both inclusive, M. A. S., Rev. Ed., provide methods for the organization of "a new district out of a portion of one or more old districts," the organization into a school district by "people living upon unorganized territory," the uniting "into one district" of "two or more contiguous districts," the "consolidation of two or more adjoining school districts," and the formation of "a joint school district" "from territory belonging to two or more contiguous counties." Of these sections, the first two provide a method of organizing a new district out of a portion of one or more old ones, *by a petition in writing to the County Superintendent,* and the holding of a meeting based thereon, for the purpose of determining the question of consolidation, the election of directors of the new district, etc. This law likewise authorizes the organization of a school district *out of unorganized territory, without a petition.* Sections 6636 to 6639, both inclusive, provide for the consolidation of two or more adjoining school districts by *action to be initiated on the part of the school boards* of said district. None of these sections make any specific mention of an organization or consolidation creating a new school district out of unorganized territory lying in separate counties, or out of districts lying in separate

counties. Section 6641 provides that "a joint school district may be formed from territory belonging to two or more contiguous counties." This is directed to be done by the methods set forth in sections 6633 and 6634.

It is admitted that the attempted consolidation in the present case was under sections 6636 to 6639, inclusive, and that the sole question for determination is, may a consolidated district be organized under this act where the districts so united lie in different counties? It is the contention of the plaintiff that inasmuch as section 6641 has pointed out a specific method for the creation of "a joint school district," formed "from territory belonging to two or more contiguous counties," and no mention is made of such an organization in any of the other sections above referred to, this section furnishes the only method for such a consolidation. The defendant contends that section 6641, which speaks of the formation of a school district from "territory" belonging to two or more contiguous counties, and makes no mention of the consolidation of *two or more districts,* was in fact intended only for the creation of a school district from unorganized territory. The determination of this question determines the cause.

Section 6641, concerning the organization of joint districts from "territory" belonging to two or more contiguous counties, provides that "the same preliminary steps shall be taken and the same course pursued as is provided for the organization of other districts" in sections 6633 and 6634; but section 6633 provides two methods—one requiring a petition when the new district is to be created out of a portion of one or more old districts, and another without petition when the new district is to be created from hitherto unorganized territory. From this reference, we are forced to the conclusion that the same rule applies in the application of section 6641, which section was, in fact, intended to cover both the organization of hitherto unorganized territory lying in separate counties and the

joining of school districts in two or more contiguous counties.

We therefore conclude that the provisions of section 6641 are applicable to the case at bar; that this section, having made specific provision for the consolidation of territory or school districts lying in different counties, and sections 6636 and 6639, inclusive, having made no mention of such conditions, 6641 provides the only method by which territory lying in different counties may be organized into a school district, or school districts lying in separate counties may be joined; hence that the attempted consolidation under 6636 to 6639, inclusive, was illegal.

It is, therefore, ordered that this judgment be reversed, with directions to overrule the demurrer, and for further proceedings in harmony with the views herein expressed.

Garrigues, C. J., and Teller, J., concur.